IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

ARGONAUT MIDWEST INS. CO., )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO. 2:09-0345-KD-N
)
D&B WASTE SERVICES, LLC, )
et al., )
)
Defendants. )

ORDER

Plaintiff Argonaut Midwest Insurance Co. has filed the instant declaratory judgment action against its policy holder, D&B Waste Services, LLC., and others, on the basis of diversity of citizenship. This matter has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. §636. The undersigned finds that additional briefing on one of the issues presented would be of assistance to the court in deciding this matter.

Defendants in this action are the policy holder, D&B Waste Services, LLC., Waymond Spicer, an individual who is asserted to be an employee of D&B and who was involved in and injured in the accident which gives rise to this litigation, and Carlandra Johnson, the personal representative of Charles Webb Bratton, another alleged employee who was killed in that accident.[1] Plaintiff seeks a declaration that it owes no coverage or defense to its insured arising out of the accident under the terms of the policy, on the basis that the persons injured were employees of the policy holder.

[1] Following the filing of this action, a wrongful death action was instituted by Ms. Johnson against D&B and others in the Circuit Court of Dallas County, Alabama.

Defendant Carlandra Johnson has filed a Motion to Realign Parties and to Dismiss for lack of jurisdiction (doc. 7).[2] This motion was fully briefed by all parties. The court thereafter raised, *sua sponte*, certain inadequacies in the allegations of the citizenship of certain parties, and allowed plaintiff an opportunity to amend its complaint to correct those failings. Following the amendment of the complaint, (doc. 23) defendant Carlandra Johnson filed a Renewal (doc. 16) of her Motion. The renewal does not add any significant argument or authority to the prior filings. Defendant Johnson asks the court to realign the parties, and argues that realignment will demonstrate the lack of subject matter jurisdiction because the realigned plaintiffs will not be completely diverse from the defendants. Ms. Johnson also argues that plaintiff has failed to bear its burden of demonstrating that the amount in controversy requirement is satisfied in this case, and that the declaratory judgment action presents a ripe "case or controversy" against the purported employees.

In addressing the proper alignment of the parties, the court must consider "the principal purpose of the suit and the primary and controlling matter in dispute." Indemnity Ins. Co. of North America v. First Nat. Bank at Winter Park, Fla., 351 F.2d 519, 522 (5th Cir. 1965)[3](*citing* City of Indianapolis v. Chase National Bank, 314 U.S. 63, 72 (1965)). The parties have each offered differing versions of the ultimate issue: plaintiff points to the general issue of coverage itself, while defendant Johnson asserts that the court should consider who is entitled to win on

---

[2] The motion also carries in its title "Motion to Remand"; however, this action was not removed to this court and any motion to remand is not applicable.

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

the merits of the underlying suit. "It is our duty, as it is that of the lower federal courts, to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute.' ... Litigation is the pursuit of practical ends, not a game of chess. Whether the necessary 'collision of interest,' ... exists, is therefore not to be determined by mechanical rules. It must be ascertained from the 'principal purpose of the suit,' ... and the 'primary and controlling matter in dispute.' " City of Indianapolis, at 70 (citations ommitted).

Several courts of this Circuit have addressed realignment of parties. *See* Weller v. Navigator Marine, Inc., 737 F.2d 1547 (11th Cir. 1984)(owner of second option to purchase property filed suit for declaratory judgment against first option holder and assignees of second option to declare validity of option; court realigned assignees of plaintiff's interest with plaintiff, because they had same interest in declaring invalidity of first option.); Indemnity Ins. Co. of North America v. First Nat. Bank at Winter Park, Fla., 351 F.2d 519 (5th Cir. 1965) (insurer of one bank sought declaratory judgment against the issuing bank and its insured, the payor bank, to determine its duties of indemnity to payor bank on losses due to forgery in signature on request for cashier's checks; realignment granted because insurer and insured shared interest in showing payees were fictitious, so that issuing bank bore liability for forged instruments); Federal Ins. Co. v. Bill Harbert Constr. Co., 82 F.Supp.2d 1331 (S.D.Ala. 1999) (City Board obtained bond for performance of construction contract; court realigned insurer and insured as plaintiffs in declaratory judgment action on basis that primary issue was whether contractor or the Board caused the breach). "Realignment is appropriate only if the interests of the realignment parties are manifestly the same." Andalusia Enterprises, Inc. v. Evanston Ins. Co., 487 F.Supp.2d 1290, 1296-97 (N. D. Ala. 2007). A few cases, brought by the injured party

against the insurer, have realigned parties to place the insurer on one side and the insured and the injured party, with reference solely to the general issue of whether coverage exists. *See* La Shangrila, Inc. v. Hermitage Ins. Co., 2007 WL 2330912 (M.D.Fla. 2007)(realigning parties in removed case based on interests; usual alignment in declaratory judgment action is insurer against insured and injured party); Boland v. State Automobile Mutual Ins. Co., 144 F.Supp.2d 1282, 1285 (M.D.Ala.2001); Earnest v. State Farm Fire & Casualty Co., 475 F.Supp.2d 1113, 1117 (N.D.Ala.2007). La Shangrila, Earnest and Boland were brought by the insured, who presumably had no access to the insurer's reasoning for a potential denial of coverage and was thus interested only in the broad coverage issue, leaving it to the insurer to raise any arguments to the contrary. Given the information thus available to those courts, it makes some sense to look to the broad, general issue of coverage rather than to the specific matters upon which that issue turns.

In United States Fidelity & Guaranty Co. v. Algernon-Blair, Inc., 705 F.Supp. 1507 (M.D.Ala.1988), the court held that "[t]he duty of looking beyond the pleadings to determine proper alignment is a particularly difficult one for a district court to perform. In contrast to its usual approach in analyzing a motion to dismiss, the court must critically assess the substance of the alleged controversy to determine the goals and interests of each party. Given the early stage at which this must be done and the undeveloped factual field, experienced judges may well draw different conclusions from the same situation." Id. at 1511.

The court is not persuaded by plaintiff's suggestion that realignment is improper because all three defendants share an interest in there being insurance funds available to pay a potential verdict against its insured. Plaintiff offers an alternative issue–that the declaratory judgment

seeks a determination whether the two injured defendants were employees of the third; if they were, plaintiff argues, it owes no duty of indemnification or defense to D&B under the terms of the policy.

Defendant Johnson would have the court look to the liability of the insured to either or both other defendants as the way to determine the interests of the parties. There is some support for such an approach, but on examination that apparent support appears to be coincidence. In the prior cases, their reasoning–particularly that of Indemnity Insurance, 351 F.2d at 522-23– indicates otherwise; the court addressed the particular issues upon which coverage rested and noted that they were also dispositive of the underlying controversy. Id.. In Indemnity Insurance, the court stated that "[t]he purpose of the action was to have a determination as to whether Eick, Fitts and Overstreet were fictitious payees so that the cashier's checks naming them became payable to bearer under the Negotiable Instruments law with the loss falling on Sanford Atlantic, or whether these checks were payable to specified known individuals whose endorsements were forged, with the loss falling upon the Winter Park Bank and Indemnity, its insurer against loss by forgery." Id. at 22. The analysis was thus focused on the specific issue which was at the center of the coverage issue; the fact that the same issue was dispositive of the underlying dispute was coincidental. In Weller, at 1548, the answer to the question which of the two options had priority involved the validity of the first option and thus that issue was dispositive of the entire dispute between the parties. In Federal Insurance, the policy paid for breach caused by others, but not by the insured. The issue of whether the Board breached the contract with the contractor or caused the breach was thus dispositive of both the coverage issue and the underlying dispute between the Board and the contractor.

It appears to the undersigned that the appropriate focus of its determination of "the principal purpose of the suit and the primary and controlling matter in dispute," Indemnity Ins., 351 F.2d at 522, is the issue at the crux of the declaratory judgment action, and not the ultimate outcome of the underlying action or dispute. Despite submitting briefs on the question of realignment of the parties, counsel for plaintiff and the Estate of Charles Webb Bratton have not addressed the interests of all of the parties in the question of whether Bratton and Spicer were employees of D&B. Neither party has addressed defendant Spicer's interests, nor whether he is more likely to proceed under workers compensation to avoid contributory negligence or to seek a civil damages award.

The undersigned finds that additional briefing focused on the particular employment issue at the heart of the coverage issue would be of assistance in ruling on the pending motion. Accordingly, it is hereby ORDERED that plaintiff file a supplemental response, addressing the issues outlined herein, no later than **November 16, 2009**, and that defendant Johnson–and any other defendant having an interest in this issue–file a Reply on or before **November 30, 2009.**

DONE and ORDERED this the 2nd day of November, 2009.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**